**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRAVIS BULLINGTON,

    Defendant - Appellant.

No. 97-8076
(D.C. No. 97-CR-27-D)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

---

Defendant-appellant Travis Bullington pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g), one count of conspiracy to commit bank robbery, 18 U.S.C. §§ 371 and 2113(a), and three counts of bank robbery, 18 U.S.C. § 2113. He was sentenced to 137 months imprisonment to be followed by three years supervised release. In determining his sentence, the district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

enhanced his base offense level by two levels pursuant to USSG § 3B1.1 because Mr. Bullington was an organizer, leader, manager or supervisor, and it is this two-level enhancement which Mr. Bullington challenges on appeal. Our jurisdiction arises under 18 U.S.C. § 3742(a), and we affirm.

Mr. Bullington argues that there was insufficient evidence to support the district court's finding that he was an organizer, leader, manager, or supervisor under USSG § 3B1.1(c). We review the district court's factual findings for clear error, see United States v. Albers, 93 F.3d 1469, 1486-87 (10th Cir. 1996), and find none here. The record contains ample evidence that Mr. Bullington exercised control over the other three co-conspirators. Mr. Bullington initially suggested robbing banks as a way to make money, see IV R. at 37, was primarily responsible for the manner in which the robberies were executed, particularly the Worland robbery, see IV R. at 12, 38-39, and was considered the "shot caller" by Aaron Hopkins, the other co-conspirator most intimately associated with the planning and execution of the robberies. See IV R. at 53-54.

As to Mr. Bullington's argument that the district court failed to make sufficiently specific findings, the record indicates the district court considered the applicable factors under USSG § 3B1.1(c), specifically found that Mr. Bullington was a "co-leader" of the conspiracy and determined that the two level enhancement was appropriate. See IV R at 63-65. Mr. Bullington's reliance on

United States v. Roberts, 14 F.3d 502, 522 (10th Cir. 1993), is thus misplaced, as the district court made specific findings relating to Mr. Bullington's role as an organizer or leader.  See id. at 522-23 (stating that district court provided only a "character sketch" which did not "fulfil the specific criteria mandated by § 3B1.1(a)").  It follows that the district court's findings, supported by the record, were sufficient to support the § 3B1.1(c) enhancement.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge